The case rests on very narrow grounds. The lien, as it is loosely called, for supplies is a peculiar one, dependent on the justice-seat or forum, and merely gives the plaintiff a right of seizure. When he has exercised this right, the court will not keep the case open for other claims of like nature, which may come in from all parts of the world, but must award the fund to the first suitor.

Decree accordingly.

PATHFINDER, The. See Cases Nos. 646 and 647.

## Case No. 10,798.

### PATLEN v. The ILLINOIS.

[N. Y. Times, Sept. 19, 1857.]

Circuit Court, S. D. New York. Sept., 1857.

TUG AND TOW—INJURIES TO TOW INCIDENT TO NAVIGATION OF TOW BY A HAWSER.

[Appeal from the district court of the United States for the Southern district of New York.]

The libel in this case was filed by [George W. Patlen] the owner of the canal boat John W. Williams, to recover damages occasioned to her by a collision, which occurred while she was being towed from Albany to New-York, by the steamboat. The court below held that the steamboat had been guilty of no negligence, and dismissed the libel [case unreported], from which decree the libelant appealed.

Mr. Dimmick, for appellant.
Mr. Van Santvoord, for appellees.

NELSON, Circuit Justice. The question whether the injury to the tow was occasioned by the improper navigation of the tug was one of fact upon the proofs, and we cannot say that the conclusion arrived at by the court below is not fairly sustained, or that the tug was in fault. The injury seems to have happened from dangers incident to the navigation of a tow by a hawser.

Decree affirmed.

PATON, Ex parte. See Case No. 6,322.

PATON (NATIONAL SCHOOL FURNITURE CO. v.). See Case No. 10,050.

## Case No. 10,799.

### PATON v. RENNIE.

[Cited in Day v. New England Car Spring Co., Case No. 3,687. Nowhere reported; opinion not now accessible.]

PATON, The JUNIATA. See Case No. 7,584.

## Case No. 10,800.

### PATONS et al. v. LEE.

[2 Cranch, C. C. 646.] [1]

Circuit Court, District of Columbia. April Term, 1826.

CLERK OF COURT — HONEST ERROR IN INDORSING EXECUTION AS TO AMOUNT DUE—CONFIRMING OFFICE JUDGMENT.

1. The clerk of the circuit court of the District of Columbia for the county of Alexandria, is not liable for the honest error of judgment of his deputy, in indorsing, upon an execution, the amount upon payment of which the execution was to be discharged, if no minutes or instructions to the contrary were given to the said clerk or his deputy; if the deputy was a person of good understanding and correct demeanor, and capable of performing with propriety and correctness the duties of a deputy-clerk; if, in issuing the execution, and making the indorsement thereon, he exercised honestly his best judgment as to the nature and terms of the judgment which ought to have been entered up in the case; and if the clerk has been guilty of no negligence in superintending his deputy in the discharge of the duties of his office in issuing the execution.

2. It is not necessary that the court should do any act to confirm an office-judgment. If not set aside it becomes the judgment of the court.

Action upon the case. The declaration states that the plaintiffs [Patons and Butcher] in November, 1818, recovered judgment, in this court, against John W. Bronaugh, and George Johnston, his appearance-bail, for $1,411.10 and costs, and that by a memorandum at the foot of the judgment it was directed to be discharged by the payment of $705.55 with legal interest thereon from the 5th of September, 1809, till paid, as appears by the record thereof. That the defendant [E. J. Lee] being clerk, &c., on the 20th of January, 1819, issued a ca. sa. upon that judgment, but negligently instead of issuing the same for $1,411.10 and costs, together with a memorandum on the execution, expressing that the said execution (costs excepted) was to be discharged by the payment of $705.55 with legal interest thereon from September 5th, 1809, till paid, in conformity with the said judgment and memorandum, issued the said execution for $1,411.10 and costs, together with a memorandum thereon expressing that the said execution (costs excepted) was to be discharged by the payment of $705.55, with legal interest thereon from the 5th of September, 1809, till the 1st of June, 1812, and thus then and there omitted to mention and include, in the said memorandum, the interest from the 1st of June, 1812, till paid, as he ought to have done, whereby the plaintiffs say they have lost the same, amounting to $284.52, for they aver that the said sum of $705.55 was not paid till the 20th of February, 1819; and they aver that at the time of the issuing and service of the said execution the said John W. Bronaugh was in good credit and able to pay the whole of

[1] [Reported by Hon. William Cranch, Chief Judge.]